## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GERALD ALFRED BUCHANAN      *

Plaintiff      *

v      *      Civil Action No. ELH-15-3998

((SAV)2(SAV)2(SAT)2)      *
MORTICUI
     *
Defendants

\*\*\*

## MEMORANDUM

The above captioned case was filed on December 30, 2015, by the self-represented plaintiff, Gerald Alfred Buchanan.  Plaintiff's motion for leave to proceed in forma pauperis (ECF 2) is granted.  Because the Complaint fails to state a claim upon which relief may be granted, the case shall be dismissed.

The handwritten Complaint is not entirely legible, nor is it a model of clarity.  *See* ECF 1. At best, it appears to reference two properties located in the Baltimore region, Harbor Place and Harbor Town.  However, I cannot discern the nature of Mr. Buchanan's claim regarding these properties, nor can I determine from the Complaint who Mr. Buchanan intended to sue, or why. ECF 1.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." And, Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."  A plaintiff must do more than make conclusory assertions in order to state a claim.  A complaint must contain sufficient factual information to put defendants on notice of their alleged wrongdoing.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To be sure, this court must liberally construe a complaint filed by a self-represented litigant. *Erickson v. Pardus*, 551 .S. 89, 94 (2007).  But, a court is not obligated to ferret through a complaint, searching for viable claims.  Nor are district courts required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  Moreover, a federal court does not act as an advocate for a self-represented litigant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996).  Put another way, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in federal district court. *See Weller v. Dept of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).  To the contrary, a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988).

Here, the Complaint is not a "short and plain statement," nor is it "concise and direct." To the contrary, it is incomprehensible and "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate" about their "defenses . . . ." *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988).  Thus, the Complaint must be dismissed.

An Order follows.

January 5, 2016            _____/s/_____
Date                        Ellen L. Hollander
                             United States District Judge